IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

| | | |
|---|---|---|
| CHARLES DEWAYNE TURNER | * | |
| Plaintiff, | * | |
| v. | * | 3:06-CV-155-MHT |
| JAY JONES, *et al.*, | * | |
| Defendants. | * | |

_____

**O R D E R**

This case is presently pending before the court on a complaint filed by Charles Turner ["Tuner"], an inmate incarcerated in the Lee County Detention Facility. A thorough review of this complaint indicates that Turner fails to properly name and identify defendants responsible for the alleged violations of his constitutional rights. Although Turner lists Jay Jones, Major Tolbert, Lieutenant Robinson, and Nurse Stewart as defendants, the complaint does not make any specific claims against these individuals. Moreover, the complaint merely contains general conclusions of constitutional violations and fails to identify factual allegations material to specific counts lodged against the named defendants or other jail officials with respect to any violations of Turner's constitutional rights.

"This type of pleading completely disregards Rule 10(b)'s requirement that discrete claims should be plead in separate counts, *see Anderson v. Dist. Bd. of Tr.*, 77 F.3d 364-366-67 (11th Cir. 1996), and is the type of complaint that [has been] criticized time and again." *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). "[D]istrict Courts confronted by such complaints have the inherent authority to demand repleader sua sponte. *See Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1332 n.94 (11th Cir. 1998); *Fikes v. City of Daphne*, 79 F.3d 1079, 1083 n.6 (11th Cir. 1996)." *Magluta*, 256 F.3d at 1284 n.3. Under these circumstances, a "district court should enter an order striking the deficient complaint and requir[ing] a repleading of all claims in a complaint that respects the requirements of Rule 8 and the heightened pleading requirement for [such] cases." *Id.* at 1285.

In light of the foregoing, the court deems it appropriate to require Turner to replead the claims presented in the instant cause of action.

Accordingly, it is

ORDERED that the complaint filed by Plaintiff on February 22, 2006 be and is hereby STRICKEN from the file in this case. It is further

ORDERED that on or before **March 10, 2006** Plaintiff shall file a complaint which:

1. Presents specific claims relative to ***actions taken against him*** by properly identified defendants and lists these claims in separate counts;

2. Asserts with clarity those factual allegations that are material to each specific count against the named defendant(s);

3. Describes how each named defendant violated *his* constitutional rights; and

4. States the precise relief he seeks from this court.

**Plaintiff is hereby advised that this case will proceed only on those claims presented and against the defendants named and the claims presented in the complaint filed in response to this order**. The aforementioned complaint must set forth short and plain statements showing why Plaintiff is entitled to relief and should contain only claims relative to actions taken against the plaintiff. Each allegation in the pleading should be simple, concise and direct. *See* Rule 8, *Federal Rules of Civil Procedure*.

The Clerk is DIRECTED to send Plaintiff a form for use in filing a complaint under 42 U.S.C. § 1983 to assist him in complying with the directives contained herein.

DONE, this 27th day of February, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE