# Exhibit A
# Inmate File of Charles Dewayne Turner
# Inmate Booking Sheet dated July 6, 2004

```
                        LEE COUNTY SHERIFF'S OFFIC
07/06/2004     12:13:51      INMATE BOOKING SHEET               PAGE    1
===============================================================================
BOOKING NO: 040003198

INMATE NAME: TURNER CHARLES DWAYNE
      ALIAS:                              RACE: B      SEX: M
      ALIAS:                              HT: 5'11"  HAIR: BLK
    ADDRESS: 1309 ▓▓▓▓▓▓▓▓ CT             WT: 157    EYES: BRO
CITY/ST/ZIP: OPELIKA, AL 36801        COMPLEX:
 HOME PHONE: 334 ▓▓▓ ▓▓61                  SSN: 4▓▓▓▓▓▓▓▓
        DOB: ▓▓▓▓▓▓▓   AGE:  37        DL ST:             DLN:
 PLCE BIRTH: ALEXANDER                    SID:
      STATE: LA                         LOCID: 27943
  M. STATUS: SINGLE
   RELIGION: NONE
 GANG ASSOC: NONE
SCARS/TATTOOS: TATTOO ON LEFT ARM
KNOWN ENEMIES:
    REMARKS:
-------------------------- NEXT OF KIN ------------------------------
 NEXT OF KIN: MARY CARLTON              RELATIONSHIP: FRIEND
     ADDRESS: 1309 SHANNON CT LOT 14           PHONE: 334-749-8661
 CITY/ST/ZIP: OPELIKA, AL
     REMARKS:
-------------------------- EMPLOYER INFO ----------------------------
    EMPLOYED: N
EMPLOYER NAME:
     ADDRESS:
 CITY/ST/ZIP: ,
       PHONE: 000-000-0000
--------------------------- MEDICAL ---------------------------------
  HANDICAPPED: N   NEEDS: NONE
      GLASSES: N   SMOKE: Y
MEDICAL NEEDS: Y   NEEDS: ANXIETY
    PHYSICIAN:                      PHONE: 000-000-0000
      REMARKS:

      REMARKS:
      REMARKS:
--------------------------- PROPERTY --------------------------------
        CASH:      $00.00
 DESCRIPTION:
ADD. PROPERTY: LIGHTER CIGS WATCH PAPERS
ADD. PROPERTY: NO CLOTHES
ADD. PROPERTY:
  BIN NUMBER: 129
VEH IMPOUNDED:
 IMPOUND LOT:
     REMARKS:
     REMARKS:
===============================================================================
I HAVE READ THE ABOVE ACCOUNTING OF MY PERSONAL INFORMATION, MEDICAL
INFORMATION, MONEY, AND OTHER PROPERTY AND I FIND IT TO BE TRUE AND ACCURATE.

INMATE: X Charles Turner        DATE: 7-6-04    TIME: 1220

BOOK OFFICER: v.Ingram          DATE: 7-6-04    TIME: 1220
```

```
                          LEE COUNTY SHERIFF'S OFFIC
07/06/2004    12:13:51      INMATE BOOKING SHEET              PAGE   2
==================================================================
BOOKING NO: 040003198    INMATE NAME: TURNER CHARLES DWAYNE
==================================================================
         COURT:                  ATTORNEY ON REC:
         JUDGE:                       PHONE: 000-000-0000
       REMARKS:
       REMARKS:
------------------------------------------------------------------
   BOOK DATE: 07/06/2004  BOOK TIME: 11:58  BOOK TYPE: NORMAL

   ARREST DATE: 07/06/2004      BOOKING OFFICER: INGRAM
   ARREST DEPT: OPD             CELL ASSIGNMENT: E3
 ARRST OFFICER: JOHN PRUITT          MEAL CODE: 01  LEE COUNTY
 PROJ. RLSDATE: 00/00/0000            FACILITY: 01  COUNTY JAIL
 SEARCH OFFCR: LYLES            CLASSIFICATION:
  TYPE SEARCH: PAT               WORK RELEASE: N
INTOX RESULTS:

        HOLDS: N
       AGENCY:              REASON:
       AGENCY:              REASON:
       AGENCY:              REASON:
       AGENCY:              REASON:

        NOTES:
        NOTES:
        NOTES:
```

Probation
+
Parole

Rebecca Peek

```
                              LEE COUNTY SHERIFF'S OFFICE
 07/06/2004      12:13:51         INMATE CHARGE SHEET                    PAGE    3
===============================================================================
 BOOKING NO: 040003198      INMATE NAME: TURNER CHARLES DWAYNE
===============================================================================
    CHARGE NO:   1  DISPOSITION: OPEN              HOLD: N

 ALA STATUTE: CC04-305            # OF COUNTS:    1
     OFFENSE: CAPITAL MURDER         WARRANT #:
      CASE #:
     BOND AMT: NO BOND                          FINE:       $0.00
     BAIL AMT:
 INIT APPEAR: 00/00/0000         SENTENCE DATE: 00/00/0000
 RELEASE DTE: 00/00/0000
 ARREST DATE: 07/06/2004          ARST AGENCY: OPD
 ARST OFFICR: PRUITT                   COUNTY: LEE
       COURT:                           JUDGE: WALKER
 DEF ATTORNY:                   DIST ATTORNEY:
    COMMENTS:
    COMMENTS:
    COMMENTS:
```

CC90-L002 ATTmp Murder ⊖
EOS papers for 6-8-05

released 6-21-05
Lt. C Welch
6-21-05

**Exhibit B**
**Inmate File**
**Booking Photographs dated July 6, 2004**

Lee County Sheriff's Office    Tuesday,    / 06, 2004    Page 1 of 2



TURNER, CHARLES DWAYNE.



TURNER, CHARLES DWAYNE.

# Exhibit C
# Inmate File, Indictment

INMATE FILES

CCO4-805

Grand Jury No: 9/13/2004-229

A TRUE BILL:---

*Leigh Averhook*

Foreperson Grand Jury

Filed in open Court the 23 day of Sept , 2004, in the presence of the Grand Jury.

Clerk

Presented to the presiding Judge in open Court by the Foreperson of the Grand Jury, in the presence of 16 other Grand Jurors, and filed by order of Court this 23 day of Sept , 2004.

Clerk

Bail fixed at $ No Bond this 24 day of Sept , 2004.

*Robert M Harper*

Judge Presiding

Sec. 15-8-150, Code 1975.

---

## THE STATE OF ALABAMA
## LEE COUNTY
### CIRCUIT COURT
Fall, 2004

THE STATE
VS.

CHARLES DEWAYNE TURNER, alias
CHARLES TURNER
Date of Arrest: ( 07/04/2004 ) - SID#AL01148082

### INDICTMENT
MURDER CAPITAL-ROBBERY
§13A-5-40(A)(2)

No Prosecutor

### WITNESSES:

Off Tony Amerson, - OPD, 501 10th Street S, Opelika AL 36801
Mary Carlton, - 1315 Shannon Court No. 14, Opelika AL 36801
Off Jerry Copeland, - OPD,
Uford Darden, - 1010 Second Avenue No. 8, Opelika AL 36801
Sgt Kc Foxe, - Opelika Police Department,
Bill Harris, - Coroner, Opelika AL 36801
Lt Bob Jones, - OPD, 501 10th Street, Opelika AL 36801
Deborah Paradise, - 1401 A Magnolia Street, Opelika AL 36801
Det Arthur Roughton, - OPD,
Meredith Seabrook, - 1010 Second Avenue No. 4, Opelika AL 36801
Raymond Tartt, - 1010 Second Ave. No. 8, Opelika AL 36801
Brian Wilson, - DFS,

Off Scott Boston, - OPD, Opelika AL 36801
Carl Colley, - 100 Wittel Avenue, Opelika AL 36801
Nola Coshatt, - 1315 Shannon Court No. 26, Opelika AL 36801
Shannon Fitzgerald, - Dps Latent Print Unit, Montgomery AL 00000
George Hargrove, - DFS, Montgomery AL 00000
Norma Hill, - 2031 Chambers Co. Road 102, Lafayette Al
Hoover Jordan, - 1309 Shannon Court No. 50, Opelika AL 36801
Det John Pruitt, Jr, - OPD, 501 S. 10th Street, Opelika AL 36804
Joe Saloom, - Dept Forensic Sciences, Montgomery AL 00000
Off Thomas Stinson, - OPD,
Cpl Jennifer Tompkins, - OPD, Opelika AL 36801
Song Dr Wong, - DFS, Montgomery AL 00000

# HARPER

**Exhibit D**
**Affidavit of Jay Jones**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

CHARLES DEWAYNE TURNER,        )
                               )
    Plaintiff,            )
                               )
v.                             )        Civil Action No.  3:06-CV-155-MHT
                               )
JAY JONES, et.al.,             )
                               )
    Defendant.            )

### AFFIDAVIT OF JAY JONES

STATE OF ALABAMA          )
                          )
COUNTY OF LEE             )

**BEFORE ME**, the undersigned authority and Notary Public in and for said County and State at large, personally appeared Jay Jones, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1.     My name is Jay Jones. I am over the age of nineteen and competent to execute this affidavit.

2.     I am the duly elected Sheriff of Lee County, Alabama, and have served in such capacity since 1999.

3.     I am familiar with the Plaintiff Charles Dewayne Turner due to his incarceration in the Lee County Detention Facility. I have no personal knowledge of any of the specific allegations that form the basis of Plaintiff's Complaint.

4.     I state affirmatively that I neither acted, nor caused anyone to act, in such a manner as to deprive the Plaintiff of any right to which he was entitled.

5.     I have delegated the responsibility for the day-to-day functions of the Lee County Detention Facility to Major Cary Torbert, Jr., the Chief Deputy of Corrections of the

Lee County Detention Facility.  As Sheriff of Lee County, I am responsible for promulgating the policies governing the Lee County Detention Facility.

6.    It is the policy of the Lee County Sheriff's Office to maintain a healthy environment within the Lee County Detention Center for the benefit of both inmates and the Detention Center staff.

7.    The Lee County Detention Facility is air controlled.  There is return air from the outdoors at all times throughout the facility.  Each cell has two vents.  There are metal plates on one of these two vents (the vent which opens to the outside).  However, the metal plate does not interfere with air circulation.  It only increases security.

8.    The Lee County Detention Facility uses a steam sanitizer on a regular basis to clean the shower areas of the Facility.  Inmates also have access to cleaning materials at any time during the day so that they may clean their showers.

9.    It is the policy of the Lee County Sheriff's Office that the Lee County Detention Center accomplish scheduled maintenance in order to ensure that the Detention Center facility and equipment are kept in good repair.

10.    Plumbing should be maintained in a serviceable condition, be free from leakage, have enough pressure to accomplish the tasks intended, and water should be the appropriate temperature.

11.    An inmate has the opportunity to notify any officer if any toilet is not in working order, and that officer will either fix the toilet or contact maintenance personnel to fix the toilet.

12.    The Lee County Sheriff's Office employs full time maintenance personnel who are available to repair any toilet which is broken.

2

13.    Inmates have access to three or four toilets within their cellblock. There is a toilet in each cell in the cellblock. There is also a toilet in the dayroom of each cellblock.

14.    In the event that a toilet is not able to be repaired before the inmates lock down in their cells at night, the policy is for the inmates housed in the cell with the broken toilet will not be locked down in order that they may have access to the dayroom toilet.

15.    All properly submitted request forms are answered, and a copy is placed in the inmate's inmate file.

16.    To my knowledge, the Plaintiff has always had 24-hour access to a working toilet. In fact, it would be a direct violation of policy for the Plaintiff or any other inmate to ever be denied access to a working toilet.

17.    It is the policy of the Lee County Detention Facility that inmates are served three meals each day at regularly scheduled times. At least two of these meals are hot and there is no more than 14 hours between the evening meal and breakfast.

18.    All meals are served at the appropriate temperature as soon as possible after they are prepared. Hot meals are served using heated carts so that the food is hot when served to each inmate.

19.    The individuals who pass out the food are required to wear gloves.

20.    It is the policy of the Lee County Sheriff's Office that all inmates confined in the Lee County Detention Center are entitled to a level of health care comparable to that available to citizens in the surrounding community which will ensure their physical and emotional well-being.

21.    Medical care rendered to inmates in the Lee County Detention Center is delivered under the direction of a licensed health care provider.

3

22.    No health care personnel or Detention Center officer or other employee of the Sheriff's Office will ever summarily or arbitrarily deny an inmate's reasonable request for medical services.

23.    Medical, dental, and mental health matters involving clinical judgments are the sole province of the responsible physician, dentist, or psychiatrist or qualified psychologist, respectively.

24.    Inmates will be guaranteed access to all diagnostic, laboratory, or other treatment services as directed by the responsible health care authority.

25.    It is the policy of the Lee County Sheriff's Office to allow inmates incarcerated in the Lee County Detention Center to request health care services at any time.

26.    Two methods may be utilized by inmates incarcerated in the Lee County Detention Center in order to secure health care services:

    a.    <u>Verbal Request</u>:  An inmate may make a verbal request for emergency medical attention to any member of the Detention Center staff at any time.

    b.    <u>Written Request</u>:  An inmate in need of any type of medical attention may complete an Inmate Request form seeking medical attention and forward it to any member of the Detention Center staff.

27.    Requests for medical treatment will be accepted by members of the Detention Center staff at any time.

28.    When a request for medical treatment is made to a member of the Detention Center staff, the staff member receiving the request will notify the Shift Supervisor of the inmate's request. It is the Shift Supervisor's responsibility to ensure that the inmate's request is attended to in a prompt and proper manner.  Any doubt as to whether an actual need exists for medical treatment shall be resolved in favor of the inmate and medical treatment will be offered.

29.    Medical requests of an emergency nature are to be handled immediately.

4

30.    As part of the booking process, inmates are informed of the methods by which they may maintain medical treatment.

31.    The Detention Center nurses, under the direction of the Detention Center Administrator, are charged with the responsibility of obtaining appointments for inmates with physicians in order that they may receive medical treatment or for scheduling times when the treating physician may attend to health care needs at the Detention Center.

32.    All health care rendered to inmates will, at the doctor's discretion, be given privately to the inmate, outside the presence of a Detention Center official.  Should the physician request, a Detention Center officer will be present for any and all examinations the treating physician deems appropriate.

33.    Sick call is conducted on a scheduled basis by a licensed practical nurse and is available to all inmates.  All inmates are required to pay a fee for non-emergency treatment. Inmates will not be denied medical treatment.  When an inmate has insufficient funds in his/her trust account to pay for the assessed fee(s), a lien in the amount of the fee(s) will be placed on the inmate's trust account against future monies which may be received.

34.    Per the policy of the Lee County Sheriff's Office, I always defer to the instructions of the trained medical professionals on all medical issues.

35.    Internal grievance procedures at the Lee County Detention Facility are available to all inmates.  It is the policy of the Lee County Sheriff's Office that inmates are permitted to submit grievances and that each grievance will be acted upon.

36.    All inmates are provided access to a Lee County Detention Center Inmate Handbook.  A copy of this handbook is placed in each cellblock for inmates to review whenever they wish.  The inmate handbook states that an inmate may report a grievance on an

inmate request form. Grievances are first answered by the appropriate staff at the lowest level in the chain of command. The inmate handbook also states that if the inmate is not satisfied with the first answer to his grievance, the inmate may appeal all the way up the chain of command, up to the Sheriff, who will make the final decision.

37.    The Plaintiff was aware of the method for submitting grievances. All properly submitted grievances are answered, and a copy is placed in the inmate's inmate file.

38.    I have never received a grievance from the Plaintiff concerning any of the allegations made the basis of his Complaint. Per Lee County Sheriff's Office policy, an inmate has the opportunity to appeal any grievance to me if he were not satisfied with the response at the lower levels in the chain of command. ·Accordingly, the Plaintiff has failed to exhaust his administrative remedies at the Lee County Detention Center.

39.    I have complied with all policies and procedures of the Lee County Detention Facility. I am not aware of nor have I authorized or allowed any deviation from said policies and procedures.

40.    I swear, to the best of my present knowledge and information that the above statements are true, that I am competent to make this affidavit and that the above statements were made by drawing from my personal knowledge of the situation.


_____
JAY JONES

**SWORN TO** and **SUBSCRIBED** before me this 24 day of April, 2006.


_____
NOTARY PUBLIC
My Commission Expires:_____

6

# Exhibit E
# Affidavit of Cary Torbert, Jr.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

CHARLES DEWAYNE TURNER,    )
                                )
       Plaintiff,           )
                                )
v.                             )    Civil Action No.  3:06-CV-155-MHT
                                )
JAY JONES, et.al.,           )
                                )
       Defendant.       )

## AFFIDAVIT OF CARY TORBERT, JR.

STATE OF ALABAMA       )
                        )
COUNTY OF LEE          )

**BEFORE ME**, the undersigned authority and Notary Public in and for said County and State at large, personally appeared Cary Torbert, Jr., who being known to me and being by me first duly sworn on oath deposes and says as follows:

1.     My name is Cary Torbert, Jr.  I am over the age of nineteen and competent to execute this affidavit.

2.     I serve as Chief Deputy of Corrections of the Lee County Detention Facility and have obtained the rank of Major.  I have worked with the Lee County Sheriff's Office for over 32 years.

3.     I am familiar with the Plaintiff Charles Dewayne Turner due to his incarceration in the Lee County Detention Facility.

4.     I state affirmatively that I neither acted, nor caused anyone to act, in such a manner as to deprive the Plaintiff of any right to which he was entitled.

5.     It is the policy of the Lee County Sheriff's Office to maintain a healthy environment within the Lee County Detention Center for the benefit of both inmates and the Detention Center staff.

6.     The Lee County Detention Facility is air controlled.  There is return air from the outdoors at all times throughout the facility.  Each cell has two vents.  There are metal plates on one of these two vents (the vent which opens to the outside).  However, the metal plate does not interfere with air circulation.  It only increases security.

7.     The Lee County Detention Facility uses a steam sanitizer on a regular basis to clean the shower areas of the Facility.  Inmates also have access to cleaning materials at any time during the day so that they may clean their showers.

8.     It is the policy of the Lee County Sheriff's Office that the Lee County Detention Center accomplish scheduled maintenance in order to ensure that the Detention Center facility and equipment are kept in good repair.

9.     Plumbing should be maintained in a serviceable condition, be free from leakage, have enough pressure to accomplish the tasks intended, and water should be the appropriate temperature.

10.     An inmate has the opportunity to notify any officer if any toilet is not in working order, and that officer will either fix the toilet or contact maintenance personnel to fix the toilet.

11.     The Lee County Sheriff's Office employs full time maintenance personnel who are available to repair any toilet which is broken.

12.     Inmates have access to three or four toilets within their cellblock.  There is a toilet in each cell in the cellblock.  There is also a toilet in the dayroom of each cellblock.

2

13.     In the event that a toilet is not able to be repaired before the inmates lock down in their cells at night, the policy is for the inmates housed in the cell with the broken toilet will not be locked down in order that they may have access to the dayroom toilet.

14.     All properly submitted request forms are answered, and a copy is placed in the inmate's inmate file.  The Plaintiff was aware of the request procedure as evidenced by the several request forms he has filed that were answered and are present in his inmate file.  I have not received any request forms from him concerning a toilet problem, and there is no such request form in his inmate file.  Had I received any such a request, I would have taken the proper steps to remedy any problem the Plaintiff was experiencing.

15.     To my knowledge, the Plaintiff has always had 24-hour access to a working toilet. In fact, it would be a direct violation of policy for the Plaintiff or any other inmate to ever be denied access to a working toilet.

16.     It is the policy of the Lee County Detention Facility that inmates are served three meals each day at regularly scheduled times.  At least two of these meals are hot and there is no more than 14 hours between the evening meal and breakfast.

17.     All meals are served at the appropriate temperature as soon as possible after they are prepared. Hot meals are served using heated carts so that the food is hot when served to each inmate.

18.     The individuals who pass out the food are required to wear gloves.

19.     It is the policy of the Lee County Sheriff's Office that all inmates confined in the Lee County Detention Center are entitled to a level of health care comparable to that available to citizens in the surrounding community which will ensure their physical and emotional well-being.

3

20.    Medical care rendered to inmates in the Lee County Detention Center is delivered under the direction of a licensed health care provider.

21.    No health care personnel or Detention Center officer or other employee of the Sheriff's Office will ever summarily or arbitrarily deny an inmate's reasonable request for medical services.

22.    Medical, dental, and mental health matters involving clinical judgments are the sole province of the responsible physician, dentist, or psychiatrist or qualified psychologist, respectively.

23.    Inmates will be guaranteed access to all diagnostic, laboratory, or other treatment services as directed by the responsible health care authority.

24.    It is the policy of the Lee County Sheriff's Office to allow inmates incarcerated in the Lee County Detention Center to request health care services at any time.

25.    Two methods may be utilized by inmates incarcerated in the Lee County Detention Center in order to secure health care services:

   a.    Verbal Request:  An inmate may make a verbal request for emergency medical attention to any member of the Detention Center staff at any time.

   b.    Written Request:  An inmate in need of any type of medical attention may complete an Inmate Request form seeking medical attention and forward it to any member of the Detention Center staff.

26.    Requests for medical treatment will be accepted by members of the Detention Center staff at any time.

27.    When a request for medical treatment is made to a member of the Detention Center staff, the staff member receiving the request will notify the Shift Supervisor of the inmate's request. It is the Shift Supervisor's responsibility to ensure that the inmate's request is attended to in a prompt and proper manner.  Any doubt as to whether an actual need exists for medical treatment

4

shall be resolved in favor of the inmate and medical treatment will be offered.

28.    Medical requests of an emergency nature are to be handled immediately.

29.    As part of the booking process, inmates are informed of the methods by which they may maintain medical treatment.

30.    The Detention Center nurses, under the direction of the Detention Center Administrator, are charged with the responsibility of obtaining appointments for inmates with physicians in order that they may receive medical treatment or for scheduling times when the treating physician may attend to health care needs at the Detention Center.

31.    All health care rendered to inmates will, at the doctor's discretion, be given privately to the inmate, outside the presence of a Detention Center official.  Should the physician request, a Detention Center officer will be present for any and all examinations the treating physician deems appropriate.

32.    Sick call is conducted on a scheduled basis by a licensed practical nurse and is available to all inmates.  All inmates are required to pay a fee for non-emergency treatment. Inmates will not be denied medical treatment.  When an inmate has insufficient funds in his/her trust account to pay for the assessed fee(s), a lien in the amount of the fee(s) will be placed on the inmate's trust account against future monies which may be received.

33.    Per the policy of the Lee County Sheriff's Office, I always defer to the instructions of the trained medical professionals on all medical issues.

34.    Internal grievance procedures at the Lee County Detention Facility are available to all inmates.  It is the policy of the Lee County Sheriff's Office that inmates are permitted to submit grievances and that each grievance will be acted upon.

35.     All inmates are provided access to a Lee County Detention Center Inmate Handbook.  A copy of this handbook is placed in each cellblock for inmates to review whenever they wish.  The inmate handbook states that an inmate may report a grievance on an inmate request form.  Grievances are first answered by the appropriate staff at the lowest level in the chain of command.  The inmate handbook also states that if the inmate is not satisfied with the first answer to his grievance, the inmate may appeal all the way up the chain of command, up to the Sheriff, who will make the final decision.

36.     I have·never received a grievance from the Plaintiff concerning any of the allegations made the basis of his Complaint.  Per Lee County Sheriff's Office policy, an inmate has the opportunity to appeal any grievance to me if he were not satisfied with the response at the lower levels in the chain of command.  The Plaintiff has not done so.  Accordingly, the Plaintiff has failed to exhaust his administrative remedies at the Lee County Detention Center.

37.     The Plaintiff was aware of the method for submitting grievances.  All properly submitted grievances are answered, and a copy is placed in the inmate's inmate file.  Upon my review of the Plaintiff's inmate file, there are no grievances concerning the allegations made the basis of his Complaint.

38.     I have complied with all policies and procedures of the Lee County Detention Facility.  I am not aware of nor have I authorized or allowed any deviation from said policies and procedures.

39.     All Lee County Detention Center records attached to the Special Report are true and accurate copies of jail documents kept by me in the ordinary course of my business.  I am the custodian of these records.

40.     I swear, to the best of my present knowledge and information that the above statements are true, that I am competent to make this affidavit and that the above statements were made by drawing from my personal knowledge of the situation.

CARY TORBERT, JR.

**SWORN TO** and **SUBSCRIBED** before me this 24 day of April, 2006.

NOTARY PUBLIC
My Commission Expires:_____

# Exhibit F
# Affidavit of Ray Roberson

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| **CHARLES DEWAYNE TURNER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.  3:06-CV-155-MHT** |
| | ) | |
| **JAY JONES, et.al.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>AFFIDAVIT OF RAY ROBERSON</u>

| | |
|---|---|
| **STATE OF ALABAMA** | ) |
| | ) |
| **COUNTY OF LEE** | ) |

**BEFORE ME**, the undersigned authority and Notary Public in and for said County and State at large, personally appeared Ray Roberson, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1.    My name is Ray Roberson.  I am over the age of nineteen and competent to execute this affidavit.

2.    I am employed with the Lee County Sheriff's Department and serve as Assistant Jail Administrator at the Lee County Detention Facility.  I have worked in the Lee County Detention Facility for twenty-three years and have obtained the rank of lieutenant.

3.    I am familiar with the Plaintiff Charles Dewayne Turner due to his incarceration in the Lee County Detention Facility.

4.    I state affirmatively that I neither acted, nor caused anyone to act, in such a manner as to deprive the Plaintiff of any right to which he was entitled.

5.    It is the policy of the Lee County Sheriff's Office to maintain a healthy environment within the Lee County Detention Center for the benefit of both inmates and the Detention Center staff.

6.    The Lee County Detention Facility uses a steam sanitizer on a regular basis to clean the shower areas of the Facility.  Inmates also have access to cleaning materials at any time during the day so that they may clean their showers.

7.    It is the policy of the Lee County Sheriff's Office that the Lee County Detention Center accomplish scheduled maintenance in order to ensure that the Detention Center facility and equipment are kept in good repair.

8.    Plumbing should be maintained in a serviceable condition, be free from leakage, have enough pressure to accomplish the tasks intended, and water should be the appropriate temperature.

9.    An inmate has the opportunity to notify any officer if any toilet is not in working order, and that officer will either fix the toilet or contact maintenance personnel to fix the toilet.

10.    The Lee County Sheriff's Office employs full time maintenance personnel who are available to repair any toilet which is broken.

11.    Inmates have access to three or four toilets within their cellblock.  There is a toilet in each cell in the cellblock.  There is also a toilet in the dayroom of each cellblock.

12.    In the event that a toilet is not able to be repaired before the inmates lock down in their cells at night, the policy is for the inmates housed in the cell with the broken toilet will not be locked down in order that they may have access to the dayroom toilet.

13.    All properly submitted request forms are answered, and a copy is placed in the inmate's inmate file.  The Plaintiff was aware of the request procedure as evidenced by the several request forms he has filed that were answered and are present in his inmate file.  I have not received any request forms from him concerning a toilet problem, and there is no such request form in his inmate file.  Had I received any such a request, I would have taken the proper steps to remedy any problem the Plaintiff was experiencing.

2

14.    To my knowledge, the Plaintiff has always had 24-hour access to a working toilet. In fact, it would be a direct violation of policy for the Plaintiff or any other inmate to ever be denied access to a working toilet.

15.    It is the policy of the Lee County Detention Facility that inmates are served three meals each day at regularly scheduled times. At least two of these meals are hot and there is no more than 14 hours between the evening meal and breakfast.

16.    All meals are served at the appropriate temperature as soon as possible after they are prepared. Hot meals are served using heated carts so that the food is hot when served to each inmate.

17.    The individuals who pass out the food are required to wear gloves.

18.    It is the policy of the Lee County Sheriff's Office that all inmates confined in the Lee County Detention Center are entitled to a level of health care comparable to that available to citizens in the surrounding community which will ensure their physical and emotional well-being.

19.    Medical care rendered to inmates in the Lee County Detention Center is delivered under the direction of a licensed health care provider.

20.    No health care personnel or Detention Center officer or other employee of the Sheriff's Office will ever summarily or arbitrarily deny an inmate's reasonable request for medical services.

21.    Medical, dental, and mental health matters involving clinical judgments are the sole province of the responsible physician, dentist, or psychiatrist or qualified psychologist, respectively.

22.    Inmates will be guaranteed access to all diagnostic, laboratory, or other treatment services as directed by the responsible health care authority.

3

23.     It is the policy of the Lee County Sheriff's Office to allow inmates incarcerated in the Lee County Detention Center to request health care services at any time.

24.     Two methods may be utilized by inmates incarcerated in the Lee County Detention Center in order to secure health care services:

   a.     Verbal Request:  An inmate may make a verbal request for emergency medical attention to any member of the Detention Center staff at any time.

   b.     Written Request:  An inmate in need of any type of medical attention may complete an Inmate Request form seeking medical attention and forward it to any member of the Detention Center staff.

25.     Requests for medical treatment will be accepted by members of the Detention Center staff at any time.

26.     When a request for medical treatment is made to a member of the Detention Center staff, the staff member receiving the request will notify the Shift Supervisor of the inmate's request. It is the Shift Supervisor's responsibility to ensure that the inmate's request is attended to in a prompt and proper manner.  Any doubt as to whether an actual need exists for medical treatment shall be resolved in favor of the inmate and medical treatment will be offered.

27.     Medical requests of an emergency nature are to be handled immediately.

28.     As part of the booking process, inmates are informed of the methods by which they may maintain medical treatment during the booking process.

29.     The Detention Center nurses, under the direction of the Detention Center Administrator, are charged with the responsibility of obtaining appointments for inmates with physicians in order that they may receive medical treatment or for scheduling times when the treating physician may attend to health care needs at the Detention Center.

30.     All health care rendered to inmates will, at the doctor's discretion, be given privately to the inmate, outside the presence of a Detention Center official.  Should the physician request, a Detention Center officer will be present for any and all examinations the treating

4

physician deems appropriate.

31.    Sick call is conducted on a scheduled basis by a licensed practical nurse and is available to all inmates.  All inmates are required to pay a fee for non-emergency treatment. Inmates will not be denied medical treatment.  When an inmate has insufficient funds in his/her trust account to pay for the assessed fee(s), a lien in the amount of the fee(s) will be placed on the inmate's trust account against future monies which may be received.

32.    Per the policy of the Lee County Sheriff's Office, I always defer to the instructions of the trained medical professionals on all medical issues.

33.    Internal grievance procedures at the Lee County Detention Facility are available to all inmates.  It is the policy of the Lee County Sheriff's Office that inmates are permitted to submit grievances and that each grievance will be acted upon.

34.    All inmates are provided access to a Lee County Detention Center Inmate Handbook.  A copy of this handbook is placed in each cellblock for inmates to review whenever they wish.  The inmate handbook states that an inmate may report a grievance on an inmate request form.  Grievances are first answered by the appropriate staff at the lowest level in the chain of command.  The inmate handbook also states that if the inmate is not satisfied with the first answer to his grievance, the inmate may appeal all the way up the chain of command, up to the Sheriff, who will make the final decision.

35.    The Plaintiff was aware of the method for submitting grievances.  All properly submitted grievances are answered, and a copy is placed in the inmate's inmate file.

36.    I have never received a grievance from the Plaintiff concerning any of the allegations made the basis of his Complaint.

37.    I have complied with all policies and procedures of the Lee County Detention Facility. I am not aware of nor have I authorized or allowed any deviation from said policies and procedures.

38.    I swear, to the best of my present knowledge and information that the above statements are true, that I am competent to make this affidavit and that the above statements were made by drawing from my personal knowledge of the situation.


RAY ROBERSON

**SWORN TO** and **SUBSCRIBED** before me this 24 day of January, 2006.


NOTARY PUBLIC    MY COMMISSION EXPIRES FEB. 10, 2007
My Commission Expires:_____