Clerk Copy.

In The United States District Court For The Middle District Of Alabama Eastern Division

RECEIVED
2006 MAY 11 A 9:48
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Charles D. Turner
　　Plaintiff,　　　　　　　　3:06-CV-155-MHT
　　v.
Jay Jones, et al.,
　　Defendants

## Response to Defendants

I have been in this jail from July 6, 2004 and the first time I saw a Inmate Handbook was on the day of Mar 1, 2006. SEE Exhibit G. Inmate File Regulations Receipt. I can show that a lot of my request slips wasnot returned to me, but they were in my inmate file, some of them but not all of them. Like the ones I wrote Major Torbert on the 11-1-04, 10-6-04 they were there, but the ones I wrote to him about the conditions of this jail. I had to give Officer Liberstat 3 Request Slips to get my 1983 form Notorized and when the Lady up in the front office was going to notorize my paper work. Major Torbert stop her and told officer Liberstat that he was the only one that notorize paper work in his jail.

So Officer Liberstat told me what Major Torbert said. So I sent two more request slips to the front office. I had to end up writting to the Sheriff to get my legal papers Notorized.

All Inmates aren't giving a copy of the Inmate handbook. You can write a request about something and you widn't even get a response on the matter, because they don't return the copy of the request slip for you to know what happen with it. I never received the request back about the roaches in the trays. (See Exhibit A.)

Our cell has three vents in them for a return purpose but they are stoped up and don't do thier job. We have no fresh air in these cells at all. They don't clean the vents that they say are return vents. The metal plates does stop the air flow form the outside.

That Steam sanitizer they say they use it has never been used in this cell E-3 at all. The shower in this cell is still in bad shape they bring around some cleaning materials but its for to mop the floors and clean the toilet with. You can tell an officer something its like talkin to a brick wall. The Maintenance personnel is the most sorriest people of the whole place they do nothing we never see them. (Note you need to see the vents and shower for yourself.)

They may state that the medical personnel, Detention officer, or other employee's of the Sheriff's Office will ever Summarily or arbitrarily deny an inmate's reasonable request for medical services. But they do it everyday of the week. All you have to do is write you a request slip and it will take you some times 3 to 4 days to get a response from them. I have about 3 Officer's that I gave request slips to or verbally told them that I was hurting. And here is thier Names Officer Sim, Officer Tucker, and Sgt Jones. They say that there two types of Requests, But they don't work. I also showed Officer Pantelis the hair in the food, and Officer Peavy I wrote request slips on the problem. The Sheriff has already received a letter from the American Civil Liberties Union of Alabama for some of the problems thats happening in his Jail..

[NOTE I have no way to copy's anything in this Jail they will not give us carbon paper or access to a copy machine. So I'm sending you the originals of my papers. I'm sending you a Inmate Handbook that I marked the Rule that they don't go by or not doing. But they say they are.

The Eighth Amendment requires prison officials to provide prisoners an environment that does not pose serious risks to thier health and saftey. Helling v. McKinney, 509 U.S. 25, 35 (1993). States must provide inmates with a "healty" habilitative environment," including providing them with food "that is prepared and served under conditions which do not present an immediate danger to the health and well being of inmates who consume it." Ramos v. Lamm 639 F.2d 559, 570-71 (10th Cir. 1980).

Food that is consistently contaminated with foreign objects violates an inmate's Eighth Amendment rights. Robles v. Coughlin, 725 F.2d 12 (2d Cir. 1983)

Although the conditions under which a pretrial detainee is confined are examined under the Due Process Clause, the minimum standard allowed is the same as that of the Eighth Amendment standard for convicted persons.
Jordan v. Doe, 38 F.3d 1559, 1564-65 (11th Cir. 1994)
Bell v. Wolfish, 441 U.S. 520, 535 (1979)

Respectfully submitted this 9th day of May, 2006

Charles D. Turner
Lee County Detention Center
P.O. Box 2407
Opelika, Al. 36801

Certificate of Service

I hereby certify that on this the 9th day of May 2006, I sent a copy of the foregoing with the Clerk of the Court by the US mail, and sent the foregoing copy to the participant by the US mail. I have mailed a true and correct copy.

Amanda Kay Morgan
Attorneys for Defendants
Webb & Eley, P.C.
7475 Halcyon Pointe Dr.
Post Office Box 240909
Montgomery, Al. 36124

Charles Turner
Plaintiff